Chief Justice Robertson
delivered the opinion of the court.
The husband of the plaintiff conveyed a tract of land on which he resided, to the defendant, and the deputy clerk of the county in which the land lay took from the plaintiff, at her own house, about a mile and a half from the clerk’s office, in which the records were kept, her relinquishment of dower. Afterwards, her husband having in the mean time died intestate, the plaintiff brought this suit in chancery for a decree assigning her dower in the land which had been thus conveyed. The circuit court dismissed her bill; and the only question presented for decision is, whether her relinquishment was such as should bar her right to dower.
There is no objection to the validity and full effect of the relinquishment, except that it was not acknowledged before the clerk in the room in which he kept his office. This objection, we consider insufficient, There is no law which expressly requires that the relinquishment should be made within the walls of the clerk’s office. The act of 1803, which is the only positive law that applies directly and necessarily to the point now under consideration, simply authorizes the clerks of the county courts, to take relinquishments of dower. The import of that act is not controlled by any other act precedent or subsequent; nor could we, considering all the acts of assembly, in pari, materia, feel authorized to restrict or qualify the import of the language of the act of 1803. We are unable to perceive any sufficient reason for requiring deeds to be acknowledged at any designated spot.
Magistrates may take relinquishments of dower at any place where they may act officially. The act being olficial, may be well done wherever the official capacity exists. By a parity of reasoning, a county court clerk might act officially in any part of his county, unless positively restrained by express law. We should, therefore, be inclined to give a liberal and rational construction to the acts of assembly, empower- *240 mg them to take acknowledgments of deeds. And therefore, as the act of 1803 does not require a relinqaishment of dower to be made in the clerk’s office, we will not decide that a valid relinquishment cannot be made before the clerk any where else, within his official limits.
When a deed is to be most prudent, to take the acment of ft in the clerk’s ofbly’to the letter of the act of 1810.
We need not now determine what should be the construction of the act of 1810, regulating acknowledgments out of the county in which the conveyance is to he recorded. That act does not apply to such a case as this.
Nor will we now decide whether the term “office” jn the act of 1810, and in some other statutes, be understood as meaning, literally, the house or room in which the records are deposited, or only the place where the clerk may act officially, and which, TO'¿e mfly be considered his office. It would he prudent however, to take acknowledgments under that act, in the clerk’s offices.
It is enough that the act of 1803, which has never been repealed or altered, expressly or constructively, so £ar ag • j. can 0peraj;e on this case, does not require relinquishments of dower to be made In “the clerk's office-” and neither its literal, legal, nor practical construction requires that such relinquishments, in such a case as this, should be made in “the office.”
It might not only he inconvenient, butimpossible for a feme covert to go to the office; and we know that it has not been unusual for clerks to go to the femes; and to decide now, that all relinquishments of dower, which have not been taken in the clerk’s office, are void or illegal, would distui'h the repose, and unsettle the land titles of the country. I'Ve will not, therefore, distort the act of 1803, nor add to its terms; nor presume that it was intended to mean any thing more or less than it plainly and literally imports.
Wherefore, as there is no statute which expressly requires the acknowledgment of a deed or relinquish■ment of dower to he made in uthe office1' of the clerk of the county in which the land to be convejred lies, .we are clearly of the opinion, that the relinquishment *241 made by the plaintiff, was legal and effectual; and therefore, it was proper to dismiss her bill.
Capcrlon, for plaintiff; Turner, for defendant.
Decree affirmed.